REDMANN and GULOTTA, Judges
(concurring in refusal of rehearing).
We refuse rehearing on the ground that this is in substance a candidacy or election contest governed by R.S. 18:364 subd. G’s rule that “No application for rehearing shall be entertained by any court * *
Even if that provision were considered not applicable, rehearing application in this type of case is unnecessary to the exercise of the Supreme Court’s supervisory jurisdiction. See State ex rel. Pearce v. Democratic State Central Comm., 229 La. 556, 86 So.2d 192 (1956), where the Supreme Court under not dissimilar circumstances called up a case from the trial court “without first requiring the complainant to make his defense in the other courts and there exhausting his remedies.” Notice of intention to apply for the exercise of the Supreme Court’s supervisory power has already been served on this court.
We remain of the opinion that the class action candidacy qualification suit in the 19th Judicial District Court (whether correctly decided or not) was also governed by R.S. 18:364 and the class judgment there was definitive and res judicata against the members of the 103rd Representative District Committee. We add that the circumstance that Boesch brought that Committee before the Civil District Court for the parish of Orleans (“the parish in which the contestee resides”, R.S. 18:364 subd. B) on the day the protest was filed with the Committee, in a proceeding which was still alive during the two days allowed for appeal from the Committee ruling, ought itself to defeat the technical conclusion that Boesch did not, within those two days, bring an “appeal” from the ruling which he had in anticipation already brought before the proper court.